UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JONATHAN JERRY ROMAN KUJAK,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA, COUNTY OF HENNIPENN 4TH JUDICIAL DISTRICT COURTS, COUNTY OF ANOKA DISTRICT COURTS, COUNTY OF RAMSEY DISTRICT COURTS, MINNESOTA DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | Civil No. 12-2676 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue the State of Minnesota, the Minnesota Department of Corrections, and the state district courts for three Minnesota counties – Hennepin, Anoka, and Ramsey. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "I was misrepresented by several trial lawyers resulting in a fraud of constitutional rights and freedoms. Several guilty convictions were resulted

> by misrepresentation of my self [sic] in several courts, prison time, and probations in Hennipenn [sic] County, Anoka County, and Ramsey Countys [sic] all in Minnesota. As my own Attorney representing myself I know all of my rights were violated in all attacted [sic] listed cases."

(Complaint, [Docket No. 1], p. 4, § 7.)

Plaintiff has attached more than 100 pages of exhibits to his complaint. Those exhibits show that Plaintiff has an extensive criminal record in the Minnesota state courts. However, the exhibits do not furnish any additional facts that could support any claim against any of the named Defendants.

The "Request for Relief" section of the complaint indicates that Plaintiff wants the Court to "allow a motion to appeal and dismiss and a full expungement and restitution to be determined at a later date." (Id.) It plainly appears that Plaintiff is seeking a judgment in this case that would vacate several of his past Minnesota state court criminal convictions, (although it is unclear which ones), and award him "restitution" for his supposedly wrongful convictions.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, the Court finds, for several reasons, that Plaintiff's complaint fails to state any actionable claim for relief that can be entertained in federal court.

### A. Inadequate Factual Allegations

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the

2

named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Here, Plaintiff is attempting to sue Defendants for allegedly violating his federal constitutional rights during the course of various Minnesota state court criminal cases. However, Plaintiff's complaint does not describe any specific historical events, and it does not describe any specific acts or omissions by any of the named Defendants.  The complaint certainly does not describe any specific occasion when any of the Defendants violated Plaintiff's constitutional rights.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's current complaint does not meet this standard.  The complaint is plainly inadequate, because it does not describe anything that any named Defendant allegedly did (or failed to do) that could support any claim for relief under any conceivable legal theory. For this reason alone, Plaintiff's complaint fails to state any cause of action on which relief can be granted.

B.  Improper Challenge to State Criminal Convictions

Plaintiff's complaint also is fatally defective, because he is attempting to challenge the validity of several criminal judgments against him in various Minnesota state courts. He claims that his federal constitutional rights were violated during the course of those state court proceedings, and he is specifically requesting "full expungement" of certain (unidentified) state criminal convictions. It is well settled, however, that habeas corpus is the exclusive means by which federal courts can review state criminal convictions. Eutzy v. Tesar, 880 F.2d 1010, 1011 (8th Cir. 1989) ("we accept as fundamental the fact that Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions"), citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking to vacate judgments entered against him in state criminal cases, his exclusive federal remedy is a writ of habeas corpus.[1]

Even if Plaintiff were seeking only money damages, he could not bring a lawsuit in federal court if a judgment in his favor would imply that a prior state criminal conviction is invalid. Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Heck, the Court held:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is

---

[1] The Court has considered whether Plaintiff's current pleading could somehow be converted to a habeas corpus petition and entertained as such. That cannot be done, however, because (I) it does not appear that Plaintiff currently is "in custody," as required by 28 U.S.C. § 2254(a), and (ii) it does not appear that Plaintiff has exhausted his state court remedies with regard to any of his current claims for relief, as required by § 2254(b).

4

>not cognizable under § 1983."

Id. at 486-87 (footnote omitted); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

Plaintiff obviously believes that his constitutional rights were violated during the course of some of his past state court criminal cases, and his convictions in those cases should be vacated. But again, civil rights claims based on constitutional improprieties that allegedly occurred during a state court criminal case cannot properly be raised in a federal civil rights action, unless the claimant first establishes in a proper forum -- i.e., in the state court proceedings, on appeal, or in a federal habeas corpus action – that the conviction at issue was, in fact, constitutionally invalid. Because the convictions cited in Plaintiff's complaint have not been vacated in a proper forum, he cannot pursue any claim for damages that is based on the alleged invalidity of those convictions.

C. Immunity

Finally, the Court notes that Plaintiff's complaint is fatally defective, because none of the named Defendants can properly be sued in federal court. The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988).

At least two of the named Defendants, State of Minnesota and Minnesota Department of Corrections, are plainly immune from suit under the Eleventh Amendment. The other three Defendants, i.e., the state district courts for Anoka, Hennepin, and Ramsey counties, also appear to be agencies of the State, (assuming they actually are cognizable legal entities that can be sued as such), which would mean that those Defendants also are immune from suit under Eleventh Amendment. See Vishevnik v. Supreme Court of New York, No. 99-CIV-3611(RWS), (S.D.N.Y. 1999), 1999 WL 796180 at *1 ("because the [state] Court is a state agency, the Eleventh Amendment bars this Court from exercising jurisdiction over the claims brought against this defendant"); Mathis v. Clerk of the First Dep't, 631 F.Supp. 232, 234 (S.D.N.Y.1986) ("The Appellate Division, a state court, is ... immune from suit by virtue of the Eleventh Amendment"); Wright v. Szczur, No. 11-CV-140S (W.D.N.Y. 2012), 2012 WL 268283 at *9 ("[t]he [state] courts themselves are also immune from suit under the Eleventh Amendment").[2]

Plaintiff has not identified any applicable Congressional abrogation of the State's Eleventh Amendment immunity, and there is no indication that the named Defendants have waived their immunity and consented to be sued in this case. Therefore, the Court finds that all of the claims that Plaintiff is attempting to bring in this case are barred by the Eleventh Amendment.

## III. CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff's current

---

[2] It is also likely that the three county courts are immune from suit under the doctrine of judicial immunity. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (reaffirming that judges are immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions).

6

complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 25, 2012

       s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 8, 2012.