# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jonathan Jerry Roman Kujak,

      Plaintiff,

v.

State of Minnesota, Anoka County
District Courts, County of Hennepin
4th Judicial District Courts, County of
Ramsey District Courts, Minnesota
Department of Corrections,

      Defendants.

**ORDER**
Civil No. 12-2676 ADM/AJB

___

Jonathan Jerry Roman Kujak, pro se.
___

This matter is before the undersigned United States District Judge for a ruling on Jonathan Jerry Roman Kujak's ("Kujak") Objection [Docket No. 12] to Magistrate Judge Arthur J. Boylan's October 25, 2012 Report and Recommendation [Docket No. 4] ("R&R"). Judge Boylan's R&R recommended denying Kujak's In Forma Pauperis Application [Docket No. 2] ("IFP Application"), and dismissing the case summarily pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In his R&R, Judge Boylan found Kujak's action cannot proceed in federal court because his Complaint is based on inadequate factual allegations, on improper challenge to state criminal convictions, and finally because all of the named Defendants are protected by Eleventh Amendment immunity and cannot properly be sued in federal court.

On December 7, 2012, Kujak filed his Objection to the R&R stating, "I object and appeal

#4." He also objected to Docket Nos. 5, 6, 8, and 11. Docket No. 5 is an order of recusal for Chief Judge Michael J. Davis, reassigning the case to the undersigned judge. The other docket entries cited are "mail returned as undeliverable" notifications. Kujak cited no case law and made no arguments. His only other further comment was, "give me liberty or give me death".

After a thorough de novo review of the record, Kujak's Objection is overruled and Judge Boylan's R&R is adopted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). First, Kujak's Complaint does not point to any specific factual allegations where the named Defendants violated Kujak's constitutional rights. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Second, Kujak is attempting to challenge several of his criminal convictions, but habeas corpus is the exclusive means by which federal courts can review state criminal convictions. Eutzy v. Tesar, 880 F.2d 1010, 1011 (8th Cir. 1989). In this case, Kujak is not in custody or serving a prison sentence, a threshold requirement for habeas review under 28 U.S.C. § 2254(a); and, he has presented no evidence that he exhausted state court remedies for his allegedly unconstitutional state convictions. 28 U.S.C. § 2254(b). Finally, the Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam). Kujak has presented no evidence that Defendants have waived immunity and has presented no Congressional abrogation of the State's immunity.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jonathan Jerry Roman Kujak's Objection [Docket No. 12] is

      **OVERRULED**;

2.      Judge Boylan's Report and Recommendation [Docket No. 4] is **ADOPTED**;

3.      Plaintiff Jonathan Kujak's Complaint [Docket No. 1] is **DISMISSED**; and

4.      Plaintiff Jonathan Kujak's In Forma Pauperis Application [Docket No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                BY THE COURT:


                s/Ann D. Montgomery
                ANN D. MONTGOMERY
                U.S. DISTRICT JUDGE

Dated: January 7, 2013.